IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KIMBERLY BAKLUND                                                                  PLAINTIFF

V.                                          NO. 13-5109

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kimberly Baklund, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on March 29, 2010, alleging an inability to work since January 5, 2010, due to fibromyalgia, severe depression, migraine headaches, "Ademna," stomach adhesions, bunions on feet, and hearing loss. (Tr. 133, 137). An administrative hearing was held on February 16, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 26-52).

By written decision dated April 19, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - fibromyalgia/chronic pain syndrome,

-1-

depression and anxiety. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift/carry 10 pounds occasionally and less than 10 pounds frequently, sit six hours in an eight-hour day and stand/walk two hours in an eight-hour day. In addition, she can occasionally climb, balance, crawl, kneel, stoop and crouch. The claimant is further limited and can understand, remember and carry out simple, routine and repetitive tasks, and she can respond to usual work situations. She can occasionally interact with supervisors, coworkers and the general public.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but there were other jobs Plaintiff would be able to perform, such as fishing reel assembler, lamp shade assembler, and peanut sorter. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 4, 2013. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

What causes the Court concern is the fact that on July 21, 2010, Plaintiff's treating physician, Dr. Rebecca L. Barrett, who began seeing Plaintiff on May 18, 2009, reported that she thought Plaintiff needed to have disability because "she is unable to work at all and needs referrals but can't afford to get them right now." (Tr. 371). This was reported one month after non-examining consultant Dr. Ronald Crow opined in a Physical RFC Assessment, dated June 23, 2010, that Plaintiff would be able to perform medium work. (Tr. 306-313).

In his decision, the ALJ did not address Dr. Barrett's July 21, 2010 opinion, or discuss the weight he gave to Dr. Barrett's opinion. In addition, the ALJ found the state agency medical consultants' opinions regarding Plaintiff's physical RFC were no longer fully supported in light of the entire record. A treating physician's opinion that a claimant is disabled and cannot be gainfully employed may be given no deference because it invades the province of the Commissioner to make the ultimate disability determination. House v. Astrue, 500 F.3d 741, 745 (8th Cir. 2007). However, when a treating source's opinion is not controlling, it is weighed by the same factors as any other medical opinion: the examining relationship, the treatment relationship, supporting explanations, consistency, specialization, and other factors. See 20 C.F.R. § 404.1527(d); Lehnartz v. Barnhart, 142 Fed. Appx. 939, 940 (8th Cir. 2005). The ALJ

-4-

failed to indicate what weight, if any, he gave to Dr. Barrett's opinion and the fact that she believed Plaintiff needed referrals. Accordingly, the Court believes that this matter should be remanded to the ALJ in order to obtain a Physical RFC Assessment by an examining physician. Once received, the ALJ should then re-evaluate his RFC determination. The ALJ should also inquire into and address Dr. Barrett's opinion that Plaintiff needed referrals but was unable to afford such, as well as the weight he gives Dr. Barrett's opinion.

IT IS SO ORDERED this 11th day of July, 2014.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE